[No. 17112.    Department One.    October 6, 1922.]

THE STATE OF WASHINGTON, *on the Relation of* ANNA MATTUS *et al., Appellants,* v. L. W. PUTNAM, *Respondent.*[1]

CRIMINAL LAW (67)—PLEA OF GUILTY—VOLUNTARY CHARACTER— EVIDENCE—SUFFICIENCY. The evidence sufficiently shows that the accused, a husband and wife, of foreign birth who understood English imperfectly, entered a plea of guilty before a justice of the peace, to the charge of unlawful possession of liquor, where the justice and police officers testified that the regular procedure was followed, the charge explained, guilt acknowledged, and a check given to pay a fine of $250.

Appeal from an order of the superior court for Whitman county, McCroskey, J., entered November 7, 1921, denying an application for a writ of certiorari. Affirmed.

*Hanna, Miller & Hanna,* for appellants.

[1]Reported in 209 Pac. 679.

PER CURIAM.—This is an appeal from the order of the superior court of Whitman county denying to the appellants a writ of certiorari.

The record brought to this court is somewhat meagre, but with sufficient clearness discloses the following facts: The appellants are husband and wife. On May 22, 1921, a complaint was filed before a justice of the peace in and for the county named, charging the appellants with unlawfully having in their possession intoxicating liquors. At the same time a search warrant was sworn out, authorizing a search of the appellants' premises for intoxicating liquors, and authorizing the arrest of the appellants in the case any such liquors were found. A search of the premises was made and intoxicating liquors found therein. The appellants were arrested and brought before the justice issuing the warrant, who set the cause for hearing on the next day. At that time the appellants appeared without counsel, when a hearing on the complaint was had. The justice construed the statements made by the appellants to be a plea of guilty to the offense charged in the complaint, and so entered it in his docket. On the plea he adjudged them guilty and sentenced the husband to jail for a term of thirty days, and sentenced the wife to pay a fine of $250 and costs. The husband was taken to jail, and the wife gave her check to the justice for the amount of her fine and costs, who made a notation upon his docket to the effect that the fine was paid.

The appellants shortly thereafter procured counsel, who appealed the cause to the superior court. After the appeal had been perfected, the prosecuting attorney of the county moved its dismissal, basing the motion on the ground that an appeal will not lie from a judgment in a criminal cause entered upon a plea of

guilty. The appellants thereupon applied to the court for a writ of certiorari seeking to correct the entry made by the justice, averring in the affidavit for the writ that they were of foreign birth, were unfamiliar with court procedure, that they did not plead guilty to the charge made against them, that the wife did not pay the fine, but deposited the check with the justice as bail, so acting under the belief that such a deposit was necessary to secure her release from custody until she could employ counsel and take an appeal from the judgment and sentence.

On the filing of the application, the superior court issued an alternative writ of certiorari, and on the return day heard the parties orally as to what occurred before the justice of the peace, holding at the conclusion of the hearing that no cause was shown for modifying or correcting the justice's record.

On this latter hearing, the evidence was conflicting. The appellants testified substantially in conformity with the matters set forth in their affidavit for the writ. The justice of the peace, however, testified that he followed the usual procedure; that, when the parties were brought before him, he read the complaint to them and inquired whether they desired to enter a plea of guilty or a plea of not guilty; that the wife answered that she did not understand the meaning of the word guilty, seemingly to be under the impression that the charge against them was one of unlawful sale; that he explained to her the nature of the charge and that she then admitted that she had had in her possession the intoxicating liquor which was seized on the search warrant; that he then turned to the husband and inquired "what about you," and that he answered, "The same language that does for my wife goes for me"; that on these statements he entered on his docket a

plea of guilty, and entered the judgment as before stated. The justice is corroborated by the police officers who made the arrest and seized the liquors, and to some degree by witnesses who were bystanders at the time the proceedings were made.

That the defendants were in fact guilty of the charge made against them, the evidence leaves no doubt. There was found in their possession some five gallons of home-made beer containing intoxicating properties, and a bottle half full of moonshine whiskey. The beer the wife admitted manufacturing, and the whiskey she said she purchased.

The state has not questioned the right of the appellants to correct the justice's record in this form of procedure, and we shall not ourselves question it. We have not been able, however, to conclude that the trial court erred in refusing to direct a correction of the record. It is true, as the appellants' counsel argue, that the appellants were of foreign birth, and it may be true that they did not have a clear understanding of the English language. But the evidence hardly leaves in doubt that they were made to understand the nature of the charge against them prior to the time they were called upon to plead to the charge, and it hardly leaves in doubt the fact that they meant to plead guilty to the charge. The statute expressly permits such a plea, Rem. Comp. Stat., § 1929, and we see no reason for directing a change in the justice's record.

Affirmed.